## Susan Kip

### *v.*

### Henry I. Kip.

1. Equity deals with equitable estates as though they were legal estates.

2. By the common law, when lands become vested, during coverture, in husband and wife, the husband is entitled to the exclusive use and possession of them during their joint lives.

3. This rule, so far as it excludes a wife, during coverture, from the enjoyment of property thus held, was abolished by the statute of 1852, securing to married women the use of their separate property.

4. A bill which fails to make a case, which if admitted or proved will entitle the complainant to a decree, must be held bad on general demurrer.

---

On demurrer.

*Mr. W. F. Gaston* and *Mr. Gilbert Collins*, for demurrant.

*Mr. Thomas M. Moore* and *Mr. Joseph D. Bedle*, for complainant.

The Vice-Chancellor.

This is a suit by a wife against her husband and others. The

defendants demur, insisting that the bill shows no matter of equity entitling the complainant to relief.

The bill alleges that Henry I. Kip, the husband of the complainant, on the 12th day of October, 1859, conveyed several tracts of land to one William H. Van Vorst, upon certain trusts. These trusts were, that the trustee should permit the complainant and her husband, during their joint lives, and the survivor, during his or her life, to possess and enjoy the lands, and to take their rents, issues and profits without liability to account; and on the death of the survivor that the lands should go to such persons as the husband might designate as his devisees by will, or in case of his failure to make a will, then to his heirs at law. The complainant further alleges that she and her husband resided together on the lands so conveyed in trust, until the 1st day of August, 1869, when her husband, of his own accord, and without notifying her of his intention, took up his abode with his daughter Agnes, a child by a former wife, with whom he has continued to reside ever since. The complainant, in the meantime, has lived in the dwelling on the trust property, where she and her husband resided together prior to their separation. The bill further alleges that the complainant's husband, since their separation, has, in connection with his daughter and her husband, executed three deeds, purporting to convey portions of the trust property in fee, for an aggregate consideration, as shown by the deeds, of $40,840, and that the grantees have entered into possession of the lands so conveyed. The bill also alleges that another portion of the trust property has been conveyed by the complainant's husband alone, by deed purporting to convey a fee, and that he received as consideration therefor, the sum of $3,360. The bill then avers that the complainant's husband, on the 1st day of April, 1873, sold the timber from a portion of the trust property, for the sum of $2,000, and that the timber has since been cut and removed. The complainant further says that since her husband separated himself from her, he has neither paid nor furnished her any money, and has contributed nothing to her support except some groceries and other necessaries, amounting in the whole to about $325.

This is the case made by the bill.   Upon these facts the complainant insists that she is entitled to one-half of the interest or income of the consideration-moneys received by her husband, and to that end an account should be ordered ; and she also contends that it is the duty of the court, for her protection and security, to take possession of the consideration-moneys received by her husband and invest them, in order that she may hereafter receive her fair share of their earnings.

The rights in dispute are purely equitable, but here they must be treated as though they were legal rights.   Courts of equity treat trust estates as though they were legal estates, and deal with them as having the same incidents, properties and consequences that belong to like estates at law.   In equity they are alienable, devisable, and descendible in the same manner as legal estates. In dealing with them, equity follows the law.   *Cushing* v. *Blake, 3 Stew. Eq. 689.*

On the argument, the ground mainly relied on by the demurrants was, that during the joint lives of these parties, the husband is entitled to the whole use and benefit of the estate in controversy, to the exclusion of his wife, and she has no right, therefore, to require him to account, or to compel him to share with her anything he may have received.   That, undoubtedly, is the rule of the common law.   When an estate in lands becomes vested, during coverture, in husband and wife, the husband is entitled to the exclusive possession and use of it during their joint lives.   They are each and both seized of the entirety—*per tout et non per my ;* and as the existence of the wife, by the common law, is merged in that of her husband, he is the only person, in the eye of the law, who can possess or deal with it. For this reason it has been adjudged that during their joint lives the wife has no interest in or control over an estate thus held. *Wyckoff* v. *Gardner, Spen. 556 ; Washburn* v. *Burns, 5 Vr. 18 ; Bolles* v. *State Trust Co., 12 C. E. Gr. 308.*   But the chancellor has recently, sitting as ordinary, held that the statute of 1852, securing to married women the use of their separate property, abolished this rule of the common law, so far as it excludes the wife, during coverture, from the enjoyment of property thus held.

*See* v. *Zabriskie, 1 Stew. Eq. 422.* Like effect, it is said, has been given to similar statutes by the courts of Pennsylvania and Indiana. *Freeman on Partition* § *75.* The adjudication in *See* v. *Zabriskie* must rule this case. I therefore hold that the complainant has a sufficient present interest in the property mentioned in the bill to entitle her to maintain this action, if her bill, in other respects, exhibits a good cause of action.

But conceding that the complainant has a right to the immediate enjoyment of the lands held in trust, and that her estate is, in all respects, equal with that of her husband, still, I am unable to find, in the facts exhibited by her bill, any ground upon which relief can be given to her. This allegation constitutes the very marrow of her grievance : that her husband has, by deeds which purport to convey a fee, conveyed lands in which she has an estate equal with his, and has received the purchase-money thereof. But how does that harm her? His deed cannot convey or touch her estate. Even if he and she held the legal title to these lands, his deed would be utterly impotent to convey or impair her rights. In fact, his deed can have no more effect upon her rights than the deed of a stranger. While she lives and is of sound mind, nothing short of a written instrument, signed by her, will pass her estate. These propositions need no demonstration.

The bill also alleges that the grantees of the husband, about the date of their respective deeds, took possession of the land conveyed to each, and have since then held the exclusive possession thereof. The grantees are not parties to this suit. It would not, therefore, be proper to decide, in this suit, whether a simple allegation that the grantees have held exclusive possession, without more, is sufficient, as an averment of an ouster, to entitle the complaimant to maintain an action against them. As at present framed, the bill makes a case against the husband's grantees, if against anybody, but not against him. He cannot be held liable for the wrongs of his grantees.

The nearest approach the bill makes to the specification of a cause of action is found in the averment respecting the sale and removal of timber ; but this, I think, is much too vague and uncertain to

Kip *v.* Kip.

afford sufficient foundation for a decree.   This averment charges that Henry I. Kip, on the 1st day of April, 1873, sold the timber on a portion of the lands held in trust, to a person whose name is unknown to the complainant, for the sum of $2,000, and upwards, as the complainant has been informed, and that the timber has since been cut and removed.   Whether or not the sale was carried into effect, or who cut and removed the timber, the bill, it will be observed, does not inform us.   It does not assert that the defendant or his purchaser cut and removed it, nor that the defendant received the money for which it was sold.   For anything shown by the bill, the complainant herself may have cut and removed the timber.   If every fact here alleged were proved or admitted, no case would be made against the defendant.   In order to make a case against him, the complainant would be required to go one step further by her proofs than she has gone in her pleading.   She would be required to prove a material fact not alleged in her bill, namely, that the defendant had removed the timber.   A complainant must state his grievance, and also his right or title to relief, with accuracy and clearness.   *Story's Eq. Pl.* § *241.*   He must make a case by his bill, which, if admitted or proved, will entitle him to a decree.   *1 Dan. Ch. Pr. 361.*

The demurer must be sustained, with costs.